O'BRYAN, Appellant,

v.

K & H COMPANY LAKESHORE APARTMENTS, Appellee.

[Cite as *O'Bryan v. K & H Co. Lakeshore Apts.*, 181 Ohio App.3d 741, 2009-Ohio-1417.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22518.

Decided March 27, 2009.

Skelton, McQuiston, Gournaris & Henry, and Richard S. Skelton, for appellant.

Irvin H. Harlamert, for appellee.

---

FAIN, Judge.

{¶ 1} Plaintiff-appellant, Kelly O'Bryan, appeals from a judgment rendered against her on her claim against defendant-appellee, K & H Company Lakeshore Apartments, for double damages for the alleged wrongful withholding of her security deposit. O'Bryan contends that the trial court erred by allowing a bench trial to proceed when procedurally defective objections were pending to a magistrate's decision that had previously been rendered in her favor and had been adopted as the judgment of the trial court.

{¶ 2} We conclude that the trial court erred by holding a bench trial of a matter that had already been reduced to judgment without first having disposed of pending, timely objections to the magistrate's decision that had been adopted as the judgment of the trial court. Accordingly, the later judgment of the trial court is reversed, and this cause is remanded for disposition of the pending objections to the magistrate's decision.

I

{¶ 3} In May 2006, O'Bryan filed this action in the Small Claims Division of the Dayton Municipal Court, contending: "[T]here is due and owing from the Defendant the sum of $580.00 for wrongful hold of my (security) deposit. I have

pictures and residents of the apartment complex who helped me clean the apartment."

{¶ 4} A magistrate held a trial of this cause of action in June 2006. The magistrate rendered a decision in favor of O'Bryan on her claim, in the amount of $560, together with interest and costs, finding that $20 of the $580 security deposit was properly withheld. This decision was adopted by the trial court as the judgment of the trial court in an entry filed simultaneously with, and attached to, the magistrate's decision.

{¶ 5} K & H Company filed timely objections to the magistrate's decision, supported by affidavits. K & H's objections conclude as follows:

{¶ 6} "TRANSCRIPT

{¶ 7} "Civil Rule 5(E)(3)(c) [evidently referring to what is now Civ.R. 53(D)(3)(b)(iii) ] allows either a transcript of the hearing or affidavit in support of the objections. A verbatim transcript is not available within the 14 days for the filing of objections but if the court desires such a verbatim transcript the defendant will provide it.

{¶ 8} "DISPOSITION OF OBJECTIONS

{¶ 9} "Pursuant to Civil Rule 53(E)(4)(b) [now Civ.R. 53(D)(4)(b) ] the defendant asks the court to:

{¶ 10} " · Reject the magistrate[']s decision

{¶ 11} " · To hear the evidence by the Municipal Judge

{¶ 12} " · Not recommit the matter to the same magistrate since human nature being what it is would probably mean Magistrate Moorman would find it difficult to change her mind.

{¶ 13} " · Conduct a hearing before the judge of this court to hear the matter by receiving oral arguments from the parties on these objections." (Emphasis sic.)

{¶ 14} The affidavits submitted in support of K & H's objections refer not only to the evidence submitted at the hearing before the magistrate but also to facts material to the cause of action apart from, or at least without regard to, the evidence submitted at the hearing.

{¶ 15} Despite the fact that K & H's objections to the magistrate's decision, which had already been adopted as the judgment of the trial court, had not yet been ruled upon by the trial court, the trial court set a trial date of March 26, 2007, which was later continued until September 18, 2007. On that date, 11 minutes before the time fixed for the commencement of the trial, O'Bryan, who was by now represented by counsel, filed a motion to dismiss K & H's objections,

upon the ground that K & H Company had failed to support its objections with a transcript of the evidence submitted to the magistrate, as required by Civ.R. 53(D)(3)(b)(iii). The trial court overruled the motion to dismiss K & H Company's objections, and the order was journalized in an entry filed September 20, 2007. The same entry reflected that the trial court had taken the matter submitted to it at the hearing under advisement and that counsel for the parties were granted leave to submit proposed findings of fact and conclusions of law to the court by a certain date. K & H submitted proposed findings of fact and conclusions of law.

{¶ 16} On November 7, 2007, the trial court rendered judgment in favor of K & H Company, based upon the evidence submitted to it at the hearing before it, without ever having ruled upon the objections to the magistrate's decision, which had previously been adopted as the judgment of the trial court.

{¶ 17} From the judgment of November 7, 2007, O'Bryan appeals.

## II

{¶ 18} O'Bryan's sole assignment of error is as follows:

{¶ 19} "The trial court erred by allowing a trial to proceed when defendant failed to comply with Civ.R. 53(D)(3)(b)(iii) by allowing a second trial without filing a transcript of the first trial."

{¶ 20} We agree with O'Bryan that the trial court erred by allowing a new trial to proceed, or at least that it erred by rendering a new judgment in the cause to supersede its existing judgment in her favor, without having disposed of pending objections to the magistrate's decision that the trial court had adopted as its judgment.

{¶ 21} We find this issue to be controlled by Civ.R. 53(D)(4)(e)(i), which provides as follows:

{¶ 22} "(e) *Entry of judgment or interim order by court.* A court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order.

{¶ 23} "(i) *Judgment.* The court may enter a judgment either during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired. If the court enters a judgment during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered."

{¶ 24} The trial court entered a judgment adopting the magistrate's decision as its judgment at the same time as the decision, and in one filing containing both the magistrate's decision and the judgment adopting the magistrate's decision. This is a crucial fact, central to the disposition of this appeal. Had the trial court not adopted the magistrate's decision as its own judgment, it would have had authority, independent of whether any objections to the magistrate's decision were timely filed, to hear the matter itself and to render a judgment without regard to the magistrate's decision. Civ.R. 53(D)(4)(b).

{¶ 25} But the trial court rendered judgment in this cause on July 17, 2006, when it adopted the magistrate's decision, immediately, as the judgment of the trial court. This would have become a final judgment of the trial court, incapable of modification or vacation by the trial court, but for Civ.R. 53(D)(4)(e)(i), quoted above, which recognizes that the rendering of a judgment during the 14 days during which objections may be filed subjects that otherwise final judgment to the contingency that timely objections may be filed, the disposition of which may authorize the vacation or modification of the judgment by the trial court.

{¶ 26} K & H Company filed timely objections on July 27, 2006, thereby triggering the effect of Civ.R. 53(D)(4)(e)(i) upon the jurisdiction of the trial court to modify a judgment that would otherwise have been final, not subject to modification. But the last sentence of that subdivision of the rule conjoins the vacation or modification of the judgment previously rendered with the disposition of the pending objections, thereby establishing that the judgment previously rendered (by the *trial court*, not the decision by the magistrate) may not be vacated or modified other than in conjunction with the disposition of pending objections to the magistrate's decision.

{¶ 27} Here, the trial court never ruled upon the merits of the objections to the magistrate's decision, having merely overruled a motion to dismiss those objections. The judgment of the trial court of November 7, 2007, purporting to supersede the earlier, contrary judgment of July 17, 2006, was not based upon evidence presented to the magistrate but upon evidence presented to the trial court at the trial before the trial judge. This is clear from the antepenultimate paragraph of the decision and judgment entry of November 7, 2007, which is as follows:

{¶ 28} "Based upon the credible evidence presented to the court, the court finds that the plaintiff failed to prove her claim by the requisite preponderance of the evidence."

{¶ 29} The trial court had no authority to revisit its judgment of July 17, 2006, absent its disposition of the objections to the magistrate's decision. Therefore, the trial court erred when it purported to enter a judgment superseding, and contradicting, its earlier judgment in this cause without having disposed of the

pending objections to the magistrate's decision. Of course, resolving those objections requires consideration of the evidence presented to the *magistrate* (as well, of course, as consideration of any objections to the procedure followed by the magistrate). Only if the trial court finds a proper basis for K & H Company's objections to the magistrate's decision may it revisit the judgment it has already rendered in this cause. In that event, and only in that event, the trial court would have discretion to hear the matter itself.

{¶ 30} Again, we emphasize that the fact that the magistrate's decision had been adopted as the judgment of the trial court is crucial to the disposition of this appeal. Had the magistrate's decision not been adopted as the judgment of the trial court, the trial court would have had authority, under the rule, to hear the matter itself and to render its own judgment, even in the absence of timely objections.

{¶ 31} O'Bryan's sole assignment of error is sustained to the extent indicated above. Although the trial court may not technically have erred in conducting a trial, since the parties were evidently present and prepared to try the cause de novo before the trial court, it erred by rendering a new judgment, superseding the judgment it had already rendered, without a disposition of the pending objections that would permit revisiting the judgment.

### III

{¶ 32} O'Bryan's sole assignment of error having been sustained, to the extent indicated, the judgment of the trial court of November 7, 2007, is reversed, and this cause is remanded for further proceedings consistent with this opinion, which shall include the disposition of K & H Company's objections to the magistrate's decision of July 17, 2006.

Judgment reversed
and cause remanded.

DONOVAN, P.J., and BROGAN, J., concur.